Frederick J. Harrison #5-1586
FREDERICK J. HARRISON, PC
301 W. Lincolnway
Cheyenne, WY 82001
(307) 324-6639 (Phone)
(307) 481-7491 (Facsimile)
*Attorney for Plaintiff*



FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 FEB 19 PM 2:11

MARGARET BOTKINS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RYAN HERNANDEZ, A RESIDENT OF COLORADO )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NOBLE CASING, INC., a North Dakota )<br>Corporation )<br>Defendant. )<br>) | Docket No. 21-CV-33-R |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Ryan Hernandez, the Plaintiff, by and through his attorney Fred Harrison, of Frederick J. Harrison, P.C., and for his causes of actions against the Defendant and in support of the relief requested herein, respectfully alleges to the Court as follows:

### OVERVIEW AND FACTS

1. On November 12, 2019, Defendant Noble Casing, Inc. was operating a semi-tractor-flatbed trailer without taillights and with the reflectors covered by mud, southbound on Interstate 25 in Natrona County, Wyoming.

2. The Defendant Noble Casing, Inc.'s truck was traveling slowly at about 50 mph in the right southbound lane of the Interstate 25 highway where the speed limit is 80 mph.

3. Plaintiff was also driving southbound on Interstate 25 on the same date traveling below the speed limit at about 76 mph.

4. There was no moon and no artificial lighting in the area.

5. The roads were dry.

6. Plaintiff could not see the nearly invisible Noble Casing, Inc. flatbed until it was too late and crashed into the back of the flatbed at high speed.

7. Plaintiff was severely injured.

## PARTIES, JURISDICTION AND VENUE

8. This *Complaint and Jury Demand* is brought on behalf of the Plaintiff, Ryan Hernandez, (hereinafter Plaintiff or Hernandez).

9. Hernandez is a resident of Grand Junction, Colorado.

10. This *Complaint and Jury Demand* is timely filed within the applicable periods of limitation.

11. The crash at issue occurred on or about November 12, 2019 in Natrona County, Wyoming.

12. Upon information and belief, Defendant Noble Casing, Inc. (hereinafter Defendant or Noble) is a North Dakota Corporation with its principal office and place of business in Williston, North Dakota.

13. Upon information and belief, Teddy Quianco (hereinafter Quianco) was at all times relevant to this case, operating the Noble semi-tractor-flatbed trailer within the scope of his employment as an employee of Noble.

14. There exists complete diversity of citizenship between Plaintiff and Defendant, and the matter in controversy, exclusive of interest and costs, exceeds $75,000.00.

15. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 (a) 1 et seq.

16. The acts, omissions, negligence, and breaches of duty which give rise to this action occurred and were committed in the District of Wyoming, and venue is proper in this

Court pursuant to U.S.C. § 1391.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

17. Plaintiff reincorporates and re-alleges the allegations contained in paragraphs 1-16 as though fully set forth herein.

18. Defendant was negligent by reason of the following acts, errors, or omissions:

   a. Failing to implement adequate policies, procedures and/or protections to prevent crashes such as the one that is the basis of this lawsuit;

   b. Failing to properly qualify Quianco and its other drivers;

   c. Failing to properly train Quianco and its other drivers;

   d. Failing to properly monitor and/or supervise Quianco and its other drivers;

   e. Failing to be knowledgeable of and to comply with applicable safety operations, procedures, policies, and regulations;

   f. Placing or allowing a vehicle on the roadway that was not reasonably visible at night presenting a hazard to everyone on the road;

   g. Failing to require proper pre-trip and post-trip inspections;

   h. Failing to maintain its equipment; and

   i. Other negligent acts.

19. As a direct and proximate result of the negligence of Noble, Hernandez was seriously injured.

## SECOND CAUSE OF ACTION

## NEGLIGENCE PER SE

20. Plaintiff reincorporates and realleges the allegations contained in paragraphs 1-19

as though fully set forth herein.

21. Defendant's conduct amounts to violations of governmental regulations and/or statutes and constitutes negligence per se. Defendant's violations include, but are not limited to:

    a. FMCSR §392.7-Drivers must make an inspection of components, including lighting devices, lamps, markers, and conspicuity marking material and must be satisfied that they are in good working order before the equipment is operated over the road;

    b. FMCSR §393.9-Lamps and reflective material must not be obscured by dirt;

    c. WCDLM §2.1-Vehicle Inspection. "Safety is the most important reason you inspect your vehicle, safety for yourself and for other road users...Check critical items when you stop: ... Lights and reflectors; ..."

    d. WCDLM §2.11.1-Driving at Night. "You are at greater risk when you drive at night. Drivers can't see hazards as quickly as in daylight, so they have less time to respond. Drivers caught by surprise are less able to avoid a crash..."

22. As a person traveling on the highway, Hernandez is a member of the class of persons said motor vehicle safety regulations and/or statutes were intended to protect.

23. As a direct and proximate result of the negligence per se of Defendant , Hernandez was seriously injured.

### THIRD CAUSE OF ACTION

### WILLFUL OR WANTON MISCONDUCT AGAINST DEFENDANT NOBLE

24. Plaintiff reincorporates and re-alleges the allegations contained in paragraphs 1-23 as though fully set forth herein.

25. At all pertinent times to this Complaint, Defendant was operating the semi-tractor-trailer combination in reckless, intentional and/or willful or wanton disregard for the safety of

persons or property.

26. Defendant authorized the doing and/or manner of Quianco's operation of the semi-tractor flatbed without lights or reflectors.

27. Alternatively, Defendant knew or should have known that Quianco was unfit and Noble was reckless in employing or retaining him.

28. Alternatively, Defendant ratified or approved the acts or failures to act of Quianco.

29. Defendant knew or should have known that Quianco was a menace on the highway; driving without lights and with his reflectors covered in mud from the oilfield.

30. Noble is required to require observance of driver regulations pursuant to Federal Motor Carrier Safety Regulation §390.11. Noble has the duty to require observance of driver duties and/or prohibitions.

31. Quianco does not follow or understand federal rules or regulations regarding the operation of a motor carrier, as with many Noble drivers as shown by FMSCA violations.

32. Quianco is not and was not a qualified driver, as is the case with many Noble drivers.

33. As a direct and proximate result of the reckless, intentional and/or will or wanton disregard for the safety of persons or property engaged in by Defendant, Hernandez suffered serious and debilitating injuries.

34. Alternatively, the conduct of the Defendant is so outrageous as to shock the conscience of a civilized society and deserving of punishment in a sum sufficient to prevent such bad conduct from occurring again and to serve as a warning against others.

35. Plaintiff is entitled to punitive damages and such other general and/or special damages as shall be determined at trial of this matter.

## PRAYER FOR RELIEF
## DAMAGES

WHEREFORE, Plaintiff prays for judgment against the Defendant Noble for the acts, errors, or omissions of Quianco, its principals, employees, staff, or agents, directly or indirectly causing injury to Hernandez as will be proven at trial and such other damages and compensation for loss as are provided for in law or equity and including but not limited to general, special, pecuniary, or exemplary damages as may be deemed fair and just as follows:

A. Monetary, pecuniary, or other loss allowed in law or equity, sustained by Hernandez resulting from the crash;

B. Punitive damages as shall be fair and just and sufficient to punish and stop such reckless, outrageous, and wrongful conduct in future; and

C. For such other and further relief as the Court deems proper and just in the premises.

RESPECTFULLY SUBMITTED this 19th day of February, 2021.

By: _____
Frederick J. Harrison #5-1586
FREDERICK J. HARRISON, PC
301 W. Lincolnway
Cheyenne, WY 82001
(307) 324-6639 (Phone)
(307) 481-7491 (Facsimile)
*Attorney for Plaintiff*